WO

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bill Stokes, et al., | No. CV-15-02363-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Total Transit Incorporated, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion to Amend their Complaint and file a Third Amended Complaint (Doc. 256). The matter is fully briefed.

## I.  Background

This Motion was filed as a result of a status conference the Court held on June 25, 2019, the date originally set aside for the Final Pretrial Conference. The parties filed a Status Report on May 5, 2019, where it became clear to the Court that this case was not ready for trial.[1] Plaintiffs filed their Complaint in November 2015. (Doc. 1). Fact discovery closed on December 9, 2016. (Doc. 99). Notwithstanding this case being nearly four years old, Plaintiffs now seek leave to amend their Complaint for three reasons: to add National Express Transit Corporation ("NExT") as a defendant, to add a request for compensatory damages, and to add class relief pursuant to Rule 23(b)(3. (Doc. 256).

---

[1] The Status Report requested (1) referral to a Magistrate Judge for a settlement conference, (2) a request from Plaintiffs to amend their Complaint to add NExT as a Defendant, (3) a request from Defendants to supplement discovery responses, (4) a statement from Plaintiffs that they were seeking Defendants to stipulate to class certification, and (5) a statement from the parties that they wish to stipulate to the facts in this matter and have the Court reconsider its Order on the parties' Cross-Motions for Summary Judgment. (Doc. 217).

Defendants oppose the requests.

**II.    Plaintiffs' Motion to Amend**

At the Status Conference, the Court stated that it would allow Plaintiffs to file a Motion for Leave to file an amended complaint with respect to the addition of NExT as a defendant and with respect to their class allegation. (Doc. 255). Plaintiffs did not raise compensatory damages at the hearing.

**A.    Legal Standards**

Plaintiffs erroneously argue that Rule 15's liberal amendment procedure applies to the Motion. However, Plaintiffs request leave to amend the Complaint well after the expiration of the Rule 16 Scheduling Order deadline for doing so, and thus Plaintiffs must "satisfy the *more stringent* 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (emphasis in original); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). Rule 16(b)(4) expressly states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.,* 654 F.3d 975, 984 (9th Cir. 2011), *cert. denied sub nom. C.F. v. Corbett*, 565 U.S. 1200 (2012) (citations and internal quotation marks omitted) (omission in original). Accordingly, the Court will first evaluate Plaintiffs' Motion under Rule 16, and then, if necessary, under Rule 15(a). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (finding plaintiffs' failure to show diligence should end the inquiry).

In the context of a request to modify a scheduling order, "good cause" means the scheduling order's deadlines cannot be met despite the party's diligence. *Johnson*, 975

F.2d at 609 (citation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

Federal courts in Arizona and within the Ninth Circuit "have articulated and undertaken [a] three-step inquiry in resolving the question of diligence in the context of determining good cause under Rule 16[.]" *Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. June 6, 2012). Under this three-step inquiry:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that [she] was diligent in assisting the [c]ourt in creating a workable Rule 16 order; (2) that [her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [she] could not comply with the order.

*Morgal*, 284 F.R.D. at 460 (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal.1999)) (other citations omitted).

**B. Analysis**

Plaintiffs seek to amend the Complaint for three distinct reasons. The Court will analyze each in turn.

**1. Compensatory Damages and Rule 23(b)(3) Relief**

Plaintiffs argue that their proposed amendments would not prejudice Defendants. Plaintiffs' arguments miss the point. First, as discussed above, the focus of the Rule 16(b) inquiry is not on the prejudicial effects on the responding party, rather it is on the movant's diligence in seeking leave to amend. Here, the Court finds that this third attempt to amend the complaint to seek compensatory damages on behalf of the class and to add relief pursuant to Rule 23(b)(3) cannot be shown to have been diligently sought. In fact,

Plaintiffs have known all along that the purported class members were adversely affected by the $10 Van Fee. However, Plaintiffs made a strategic choice almost four years ago to only seek declaratory and injunctive relief. They have continued in this fashion throughout the entire case, through the close of discovery two years ago, and through briefing on their dispositive motions. The fact that Plaintiffs amended their complaint on two other occasions and chose not to add compensatory damages or Rule 23(b)(3) relief at those times supports this finding. That Plaintiffs seek to add compensatory damages for the first time after the scheduled Final Pretrial Conference is not diligent. Moreover, Plaintiffs do not provide any evidence of their diligence in attempting to amend the Complaint to include compensatory damages or Rule 23(b)(3) relief.

While Plaintiffs attempt to characterize these additions as ones that would not cause delay, not involve prejudice to Defendants, and not result in additional discovery, the Court finds that the delay caused by these additions would be extreme as it would almost certainly involve lengthy additional discovery. The fact that a Final Pretrial Conference was set in this matter for the purposes of setting a jury trial date illustrates the lateness of their request. Plaintiffs have not provided evidence establishing diligence in attempting to amend the Complaint as to compensatory damages or Rule 23(b)(3) relief. The Court finds Plaintiffs have not met their burden of showing good cause to add compensatory damages on behalf of the class under Rule 16 and the inquiry will end here. *See Morgal*, 284 F.R.D. at 463.

However, the Court will allow the remaining originally named Plaintiffs, Bill Stokes and Donna Powers, to seek compensatory damages on behalf of themselves, if any, as identifiable Plaintiffs who have been in this case since its inception.

///

///

### 2. Addition of NExT

As to the addition of NExT as a Defendant in this matter, the Court finds that good cause exists, and that Plaintiffs were diligent in seeking to add NExT as a Defendant. Defendants filed a new Corporate Disclosure Statement on April 29, 2019, indicating that

| | |
|---|---|
| 1 | NExT was now the 100% owner of Defendant TTE. (Doc. 216). Plaintiffs promptly raised their intent to request leave to add NExT as a Defendant. (Doc. 217). At that time, the parties were contemplating whether to stipulate to the addition of NExT. (*Id.*) |

Plaintiffs argue that NExT, as a successor in interest, should be fully prepared to litigate the issues in this case, because the theory and operative facts of the case remain the same. (Doc. 256 at 8). While that may not have been the case if the Court had allowed the amendments desired by Plaintiffs, and although the case law that Plaintiffs cited on this topic were analyzed under Rule 15, the theory and operative facts will remain the same based on the Court's ruling herein. Because the claims remain unchanged, seeking only declaratory and injunctive relief, the Court finds that *neither* party needs to complete additional discovery in this matter as it relates to the addition of NExT to the case.

Therefore, the Court will grant the Plaintiffs' Motion to Amend, in part, with respect to adding NExT as a Defendant in this matter.

### 3. Class Certification

Plaintiffs state that they "plan to move to certify their proposed Rule (b)(3) class as soon as practicable, no deadline for doing so has been set." (Doc. 256). Having ruled on the Motion to Amend the Complaint, the Court will allow Plaintiffs until August 30, 2019 to file a motion to certify the class in this case, if they wish to do so. Defendants will have the oppourtunity to respond pursuant to the deadlines in the Local Rules.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend (Doc. 256) is **granted in part** as to the addition of NExT and to add compensatory damages claims on behalf of Bill Stokes and Donna Powers individually; and **denied in part** as to the addition of compensatory damages on behalf of the class and Rule 23(b)(3) relief.

**IT IS FURTHER ORDERED** that Plaintiffs shall file their Third Amended Complaint, as allowed herein, by August 15, 2019.

…

…

**IT IS FURTHER ORDERED** that if Plaintiffs wish to move to certify the class in this case, they shall do so by August 30, 2019.

Dated this 8th day of August, 2019.

_____
Honorable Diane J. Humetewa
United States District Judge